*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-203

NOVEMBER TERM, 2015

| | | |
|---|---|---|
| Rikkie Kane | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Washington Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Andrew Pallito | } | DOCKET NO. 376-6-13 Wncv |

Trial Judge:  Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Plaintiff, an inmate committed to the custody of the Commissioner of Corrections, appeals pro se from a superior court order dismissing his Rule 75 complaint seeking an order requiring the Commissioner to provide him additional dental treatment.  We affirm.

The facts may be summarized as follows.  Plaintiff was incarcerated in Vermont for some period of time before being transferred to the Lee Adjustment Center in Kentucky.  He experienced chronic dental problems in Vermont and Kentucky, and was diagnosed by a specialist in Kentucky with severe localized periodontitis and inflamed gingiva.  The specialist's notes indicate that he recommended removing several teeth and cleaning the pockets, and further noted "to replace missing teeth implant options or RPC [possibly a reference to removable partial denture] options discussed."  In late May 2014, the specialist  extracted several teeth and cleaned the area.  An undated letter from the specialist to plaintiff summarized his treatment and explained that "[p]eriodontal treatment is not a one time treatment it is an ongoing process, with daily oral care (brushing, flossing, eating healthy) future follow up will need to be done for replacement of missing teeth and monitoring of the periodontal disease."

In early July 2014, plaintiff was transferred back to the Northern State Correctional Facility in Vermont.  In an amended complaint filed in November 2014, plaintiff claimed, among other assertions, that he was not receiving sufficient follow-up treatment, including regular three-month examinations and cleanings, dental implants, and Peridex mouth rinse to prevent infection.  The court held an evidentiary hearing in February 2015.  Plaintiff was present, represented himself, and testified on his own behalf.  When questioned by the court as to the precise relief that he was seeking, plaintiff indicated that it was replacement of the missing teeth, Peridex to control infections, and regular, frequent monitoring.

The dental director and staff dentist for the Northern State Correctional Facility testified for the State. He testified that plaintiff had seen a dentist four times since returning from Kentucky, in July 2014, August 2014, November 2014, and January 2015. He stated that plaintiff's treatment for periodontal disease, or infection in the area of the gum and bones, had been successful and was complete. Plaintiff's examinations revealed no further infection and good oral hygiene. He described Peridex as a mouth rinse to treat gingivitis, not periodontal disease, and explained that it contained 11.6 percent alcohol and therefore the DOC does not allow inmates to keep it with them. He described dental implants as an optional or elective procedure to replace the teeth that were removed, but stated that such implants were not medically necessary. He was of the view that plaintiff's disease had resolved and that he was receiving adequate follow-up examinations and monitoring.

In its written decision, the trial court found the testimony of the DOC dentist to be credible, and based thereon found that plaintiff's periodontal disease was in remission; that dental implants were an elective option to replace the extracted teeth but were not medically necessary; that Peridex was not indicated for the treatment of any condition currently afflicting plaintiff; and that more frequent examinations and monitoring was not medically required since the periodontal disease had resolved. Although plaintiff's treating dentist in Kentucky referred to implants as one option for follow-up care to replace the extracted teeth, his notes and letters do not contradict the testimony of the DOC staff dentist that implants were not medically necessary. Accordingly, the court concluded that plaintiff was receiving adequate dental care, and dismissed the complaint. This pro se appeal by plaintiff followed.

Although plaintiff's brief makes a number of allegations relating to the progress of his dental condition over time and DOC's allegedly inadequate responses, his claims concerning the issues specifically raised and addressed by the trial court in this proceeding are essentially two: (1) that he was not allowed to have the dentist who treated him in Kentucky participate as a witness by telephone; and (2) that the evidence does not support the court's decision.

As to the first claim, the record discloses that plaintiff filed a motion for the appearance by telephone of his treating dentist in Kentucky "to corroborate" the statements in his treatment notes. At the start of the hearing, the court asked plaintiff about the motion, and plaintiff indicated that he did not want to call the dentist for any additional opinions, but that he "may [want to] give him a call during this proceeding just to corroborate the paperwork that he sent me. That's all." The court indicated that the hearing would proceed, and directed plaintiff to notify the court "if there's a specific reason that you would want to do that." Plaintiff did not return to the subject or renew the request. Accordingly, any claim of error in this regard was waived.

Plaintiff also contends that the evidence fails to support the court's findings and conclusion that he was receiving adequate dental care. The testimony by the DOC staff dentist and director of dental services summarized above, which the trial court here found to be credible, amply supported the court's findings that the additional treatments and monitoring sought by plaintiff were not medically necessary. Accordingly, we find no error, and no basis to disturb the judgment. See In re A.F., 160 Vt. 175, 178 (1993) (reaffirming settled standard that court's

findings will stand unless clearly erroneous, and its conclusions will be upheld if reasonably supported by findings).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice